UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| FELY GOODFACE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LOWER BRULE SIOUX TRIBE 2020 ELECTION BOARD, LYDIA SAZUE, CHAIRPERSON; BESSIE LOUDNER, VICE CHAIRPERSON; D. KAREN JONES, SECRETARY; FEDELIA SKUNK, BOARD MEMBER; and JOELLE BATTESE, BOARD MEMBER,<br><br>　　　　　　Defendants. | 3:20-CV-03014-RAL<br><br><br>OPINION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION |

Plaintiff Fely Goodface, proceeding pro se, filed this lawsuit against the Lower Brule Sioux Tribe 2020 Election Board (Election Board) and several of the Board's members. Doc. 1. Goodface alleges that the Election Board denied her petition to be a candidate for the September 1, 2020 Tribal Council Election even though she met the eligibility requirements in the Lower Brule Sioux Tribe's Constitution and Bylaws. Doc. 1. She alleges that the Election Board never notified her of her disqualification or her right to appeal and that when she inquired about her petition during a meeting in July 2020, the Election Board again denied her petition and right to appeal. Doc. 1. Goodface claims that she presented her case to the Lower Brule Sioux Tribal Council in early August 2020 but that it denied her request to reinstate her candidacy. According to Goodface, the Election Board, tribal attorney, and some members of the Tribal Council have

1

conspired to disqualify eligible candidates from the tribal election. Doc. 1. Goodface asks this Court to "[e]nforce her constitutional right to due process and equal protection" by holding an "expedited" hearing to determine whether she should be a candidate in the September 1, 2020 Tribal Council Election; to declare the 2020 election process unlawful and to "disqualify" the 2020 Election Board Members for "violating applicable laws of the Lower Brule Sioux Tribe's members"; and to award her money damages. Doc. 1. Goodface has paid the filing fee but has moved for appointment of counsel. Doc. 3.

Assuming Goodface's allegations are true, she has some legitimate complaints against the Election Board. These complaints, however, are not the kind that may be resolved by a federal court. Federal courts have limited jurisdiction and may only decide those cases which the Constitution and statutes authorize them to decide. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(h)(3) allows district courts to dismiss a complaint sua sponte before service when it is "evident" that the court lacks subject matter jurisdiction. Evans v. Suter, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam). This is such a case.

Goodface alleges that this Court has federal question jurisdiction[1] over her complaint under the Indian Civil Rights Act (ICRA). Doc. 1 at 1, 5. In Santa Clara Pueblo v. Martinez, 436 U.S. 49 (1978), however, the Supreme Court held that ICRA did not create a cause of action to enforce its civil rights guarantees. Id. at 69–70. Instead, the only federal relief available under ICRA is the habeas corpus provision of 25 U.S.C. § 1303. Runs After v. United States, 766 F.2d 347, 353

---

[1] This Court does not have diversity jurisdiction over Goodface's case because Indian tribes are not foreign states or citizens of any state, Gaming World Int'l v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003), and the individual members of the Election Board are, like Goodface, citizens of South Dakota, Doc. 1 at 5.

2

(8th Cir. 1985) ("[D]espite the substantive guarantees of certain constitutional rights contained in the ICRA, the only federal relief available under [ICRA] is a writ of habeas corpus, and thus actions seeking other sorts of relief for tribal deprivations of rights must be resolved through tribal forums." (cleaned up and citations omitted)); U.S. ex Re. Kishell v. Turtle Mountain Hous. Auth., 816 F.2d 1273, 1276 (8th Cir. 1987) (explaining that a federal court has no jurisdiction to enjoin violations of ICRA or to award damages for a violation of it). Goodface does not claim that she is entitled to relief under ICRA's habeas provision, and such a claim would fail even if she had. Lewis v. White Mountain Apache Tribe, No. CV-12-8073-PCT-SRB (DKD), 2013 WL 510111, at *4–6 (D. Ariz. Jan. 24, 2013) (holding that the court lacked subject matter jurisdiction to hear plaintiff's claim under 25 U.S.C. § 1303 that tribe and its members had deprived him of his liberty to run for tribal council). And while Goodface's complaint refers to her Constitutional rights to due process and equal protection, the Equal Protection and Due Process Clauses do not apply to tribal governments and cannot provide federal question jurisdiction for Goodface's complaint. Santa Clara Pueblo, 436 U.S. at 55–56; Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. BIA, 439 F.3d 832, 835 (8th Cir. 2006) (explaining that federal courts will exercise jurisdiction over cases involving tribal affairs "only when federal law is determinative of the issues involved"); see also Sac & Fox Tribe, 439 F.3d at 835 (explaining that jurisdiction to resolve election disputes between competing tribal councils and to interpret tribal constitutions and laws "lies with Indian tribes and not in the district courts" (citation omitted)). Because it is evident that this Court lacks jurisdiction over Goodface's complaint, dismissal under Rule 12(h)(3) is appropriate.

Accordingly, it is hereby

ORDERED that Goodface's Complaint, Doc. 1, is dismissed for lack of jurisdiction. It is further

ORDERED that Goodface's Motion to Appoint Counsel, Doc. 3, is denied as moot.

DATED this 25th day of August, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE